## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 1:22-cv-739 |
| v. | ) ) | COMPLAINT |
| BOJANGLES' RESTAURANTS, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Keisha Tibbs ("Ms. Tibbs"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Bojangles' Restaurants, Inc. ("Defendant") subjected Ms. Tibbs to a sexually hostile work environment and retaliated against her because she engaged in protected activity, in violation of Title VII.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

3.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4.   The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII.

5.   At all relevant times, Defendant, a Delaware corporation, operated a chain of fast food restaurants in North Carolina, including a restaurant in Greensboro, North Carolina (the "Greensboro restaurant").

6.   At all relevant times, Defendant has continuously done business in the State of North Carolina and in Guildford County, North Carolina and has continuously maintained at least fifteen (15) employees.

7.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8.   More than thirty (30) days prior to the institution of this lawsuit, Ms. Tibbs filed a charge with the Commission alleging violations of Title VII by Defendant.  Defendant responded to Ms. Tibbs' charge and participated in all aspects of the Commission's administrative investigation.

9.   By letter dated February 4, 2022, the Commission notified Defendant of the determination that the Commission had reasonable cause to believe that Defendant violated Title VII.  The Commission invited Defendant to engage in the conciliation process to attempt to reach an agreement that would end the unlawful employment practices and provide Ms. Tibbs with appropriate relief.

2

10. Defendant and the Commission engaged in conciliation but were unable to reach an agreement acceptable to the Commission.

11. By letter dated May 19, 2022, the Commission notified Defendant that conciliation had failed.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. As described in greater detail below, from at least in or around March 2020 through June 2020, Defendant engaged in unlawful employment practices at the Greensboro restaurant, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-(2)(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a). Specifically, Defendant discriminated against Ms. Tibbs by subjecting her to a sexually hostile work environment and retaliating against her for engaging in activity protected by Title VII.

14. On or around March 20, 2020, Defendant hired Ms. Tibbs as a Team Member to work at the Greensboro restaurant located at 4409 Landover Road in Greensboro, North Carolina.

15. The General Manager of the Greensboro restaurant supervised Ms. Tibbs during her employment.

16. On or about April 9, 2020, the General Manager called Ms. Tibbs at 9:30 PM while she was at her home.

17. The General Manager first informed Ms. Tibbs that she had been selected for Respondent's Shift Manager Training Program ("Manager Training Program") and confirmed Ms. Tibbs' desire to participate.

18. The General Manager then proceeded to subject Ms. Tibbs to various sexually harassing comments that included, but were not limited to:

3

a. Telling Ms. Tibbs about "parties" that Respondent's managers held outside of work and telling her which employees were "sleeping with" each other;

b. Telling Ms. Tibbs about the General Manager's history of selling drugs and an incident where a woman performed oral sex on the General Manager in order to pay for drugs;

c. Asking Ms. Tibbs if she had ever had a threesome and telling her about a time the General Manager engaged in a threesome;

d. Asking Ms. Tibbs when the last time she had sex was;

e. Asking Ms. Tibbs if she was good at oral sex and whether she enjoyed it; and

f. Telling Ms. Tibbs that the General Manager wanted to have sex with her.

19. Ms. Tibbs was uncomfortable with the conversation but was afraid to speak up out of fear that it would hurt her chance to participate in the Manager Training Program.

20. On or about April 10, 2020, Ms. Tibbs complained about the General Manager's sexually harassing behavior to one of her immediate supervisors ("Supervisor 1").

21. Supervisor 1 apologized to Ms. Tibbs and stated that she was aware that the General Manager previously had had sex with other employees.

22. Supervisor 1 took no action to stop the harassment and the harassment was allowed to continue.

23. In or around early May 2020, the General Manager made additional sexual comments to Ms. Tibbs which included, by way of example, stating he wanted to grab Ms. Tibbs' buttocks.

24. Also in or around early May 2020, the General Manager grabbed Ms. Tibbs' buttocks and touched her breasts.

4

25.  In or around mid-May 2020, Ms. Tibbs complained about the General Manager's behavior to a different supervisor ("Supervisor 2").

26.  A few days later, the General Manager's immediate supervisor ("Area Director") approached Ms. Tibbs and stated she had learned about Ms. Tibbs' complaints.

27.  Area Director informed Ms. Tibbs that she would be required to transfer to a different restaurant location and told her to pick a location.

28.  Ms. Tibbs was transferred to a new location further from her home.

29.  Ms. Tibbs was instructed by Area Director to not tell anyone what had occurred at the Greensboro restaurant.

30.  After she complained, Ms. Tibbs was excluded from the Manager Training Program.

31.  Defendant denied Ms. Tibbs the ability to participate in the Manager Training Program and transferred Ms. Tibbs in retaliation for engaging in activity protected by Title VII.

32.  Ms. Tibbs last day working for Defendant was June 10, 2020.

33.  The General Manager's sexually explicit comments and conduct were offensive to Ms. Tibbs and unwelcome.

34.  Through the conduct and comments of the General Manager, Defendant subjected Ms. Tibbs to sexual harassment that created a sexually hostile work environment.

35.  The practices complained of above are unlawful.

36.  The practices complained of above have deprived Ms. Tibbs of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex, female, and because of her opposition to practices made unlawful by Title VII.

37.  The practices complained of above were intentional.

38. The practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Tibbs.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from maintaining a sexually hostile work environment.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for persons who engage in protected opposition under Title VII, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make Keisha Tibbs whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to front pay.

E. Order Defendant to make Keisha Tibbs whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Keisha Tibbs whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including,

Case 1:22-cv-00739-CCE-JLW   Document 1   Filed 09/07/22   Page 6 of 7

but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay to Keisha Tibbs punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 7th day of September 2022.

<div style="margin-left:40%;">

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

_/s/ Samuel H. Williams_
SAMUEL H. WILLIAMS
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
434 Fayetteville St., Suite 700
Raleigh, NC 27601
**ATTORNEYS FOR PLAINTIFF**

</div>

7