IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 1: 22-CV-739 |
| v. | ) ) ) | **CONSENT DECREE** |
| BOJANGLES' RESTAURANTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission ("Commission") instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant Bojangles' Restaurants Inc. ("Defendant") subjected Keisha Tibbs ("Ms. Tibbs") to a sexually hostile work environment and retaliated against her because she engaged in protected activity, in violation of Title VII. Defendant denies the allegations of wrongdoing in the Commission's complaint.

The Commission and Defendant ("the parties") stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of the Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as set forth below. Therefore, it is **ORDERED** that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1-22-cv-00739 and in EEOC Charge No. 435-2020-00835 filed by Ms. Tibbs.

2. The purpose and provisions of Title VII will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3. This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein.

4. As used throughout this Consent Decree, the phrase "specified restaurant" shall mean the restaurant identified between the parties in a letter labeled CONFIDENTIAL pursuant to the parties' Joint Consent Protective Order [ECF 20].

## I. INJUNCTIVE RELIEF

For all restaurants under the supervision of the same Area Director as the specified restaurant:

5. Defendant shall not allow any manager to sexually harass an employee or applicant for employment, including by making sexual comments, engaging in sexual touching and/or gestures, or by making the exchange of sexual favors a condition for any

employee to be recommended for participation in Defendant's management training programs.

6. Defendant shall not allow any manager to use sex as a basis for consideration in any management training program.

7. Defendant shall not retaliate against any employee because of the employee's opposition to a practice the employee reasonably and in good faith believes to be sexual harassment made unlawful under Title VII or because of the employee's participation in any charge, investigation, or other proceeding under Title VII.

## II. MONETARY RELIEF

8. Within fifteen (15) days of the entry of this Consent Decree, Defendant shall pay to Ms. Tibbs the total sum of Twenty Thousand and 00/100s Dollars ($20,000.00) ("Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. Bojangles' Restaurants Inc.*, Civil Action No.: 1-22-cv-00739, and EEOC Charge No. 435-2020-00835 filed by Ms. Tibbs. The Settlement Payment constitutes a debt owed to and collectable by the United States for which Defendant shall be held liable should any portion of such debt remain unpaid. Defendant shall make payment by issuing a check payable to "Keisha Tibbs" and shall mail the check to Ms. Tibbs at an address provided by the Commission.

9. Within ten (10) days of making the Settlement Payment to Ms. Tibbs, Defendant shall provide the Commission with a copy of the check and proof of delivery.

10. If the EEOC is required to issue a Form 1098-F in connection with payment made under this Consent Decree, provide the EIN and the name and address of the person to whom the copy of the Form should be directed:

Defendant's EIN: 95-4283932

Name: Bojangles' Restaurants, Inc.

Physical Address: 9432 Southern Pine Boulevard, Charlotte, NC 28273-5553

The EEOC has made no representations regarding whether any amount paid pursuant to this Consent Decree qualifies for a deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### III. NON-MONETARY RELIEF

11. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall notify the appropriate human resources representative(s) that the former general manager ("former GM") whom the Commission has identified to Defendant as the alleged harasser is not eligible for rehire by Defendant, document the same within the former GM's personnel file, and notify the Commission that these requirements have been satisfied.

12. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from its employment records any and all documents, entries, or references of any kind relating to the facts and circumstances surrounding the filing of EEOC Charge Number 435-2020-00835, the related investigation and this litigation, and shall notify the Commission of compliance with this paragraph.

13. Within ten (10) days of the entry of this Consent Decree, Defendant shall provide Ms. Tibbs with a neutral letter of reference using the form attached hereto as Exhibit A and notify the Commission of compliance with this paragraph. The original, signed letter of reference shall be provided to Ms. Tibbs by mail, via a tracked delivery service, at an address provided by the Commission. Ms. Tibbs is free to disseminate the letter to potential employers. If Defendant receives an inquiry about Ms. Tibbs from a potential employer, Defendant will provide only the information set forth in the letter of reference in response.

14. Defendant has in place a harassment policy, which it shall maintain throughout the term of this Consent Decree. During the term of this Consent Decree, Defendant shall provide the anti-harassment/discrimination policy to all new employees and review it with them at the time of hire.

15. Defendant has in place a retaliation policy, which it shall maintain throughout the term of this Consent Decree. Within thirty (30) days of the entry of this Consent Decree, Defendant shall post a copy of the retaliation policy at the specified restaurant. Defendant shall report compliance with this paragraph to the Commission within forty-five (45) days of the entry of this Consent Decree. During the term of this Consent Decree,

Defendant shall provide the retaliation policy to all new employees and review it with them at the time of hire.

16. During the term of this Consent Decree, Defendant shall post a copy of its anti-harassment policy, including the telephone number of the reporting hotline, at the specified restaurant, in a place where it is visible to all employees and report compliance with this paragraph to the Commission within sixty (60) days of the entry of this Consent Decree. The policy shall say in bold font, at the top, "Notice of Employee Rights and Reporting Information." If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

17. <u>Training – Non-managerial Employees at the Specified Restaurant.</u> During the term of this Consent Decree, Defendants shall provide an annual training program of at least one (1) hour to all non-managerial employees at the specified restaurant for which the employees are paid at their usual hourly rate or salary. Each training program shall include an explanation of:

   a. Title VII's prohibition against harassment and discrimination based on sex;
   b. Title VII's prohibition against retaliation for engaging in activity protected by the statute;
   c. Title VII's prohibition against using sex-based or sexually inappropriate comments and/or conduct in the workplace;
   d. Types of comments or conduct that may constitute sexual harassment, discrimination and/or retaliation with examples;
   e. The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

     f.     Defendant's anti-harassment policy, including to whom and how to report discrimination and/or harassment; and

     g.     The rights of employees and responsibilities of Reporting Officials under Defendant's anti-harassment policy.

18. The initial training for non-managerial employees shall occur within ninety (90) days after entry of this Consent Decree. All new non-managerial employees hired during the term of this Consent Decree shall receive the training within thirty (30) days after hire.

19. <u>Training - Managers, Unit Director, and Area Director of Specified Restaurant.</u> During the term of this Consent Decree, Defendant's Human Resources representatives shall provide, organize, and conduct annually at least two (2) hours of training programs to all managers, the unit director, and the area director of the specified restaurant (hereinafter "managers"), for which the employees are paid at their usual hourly rate or salary. The training session shall include explanations of:

     a.     Title VII's prohibition against harassment and discrimination based on sex;

     b.     Title VII's prohibition against retaliation for engaging in activity protected by the statute;

     c.     A statement that Title VII prohibits employees and managers from using sex-based or sexually inappropriate comments and/or conduct in the workplace;

     d.     An explanation, with examples, of comments or conduct that may constitute sexual harassment, discrimination, and/or retaliation;

     e.     The penalties for engaging in discriminatory, harassing, or retaliatory behavior;

     f.     An explanation of Defendant's anti-harassment policy;

     g.     An explanation of the rights of employees and responsibilities of managers, human resources, and Reporting Officials under Defendant's anti-

7

Case 1:22-cv-00739-CCE-JLW    Document 23    Filed 07/26/23    Page 7 of 13

> harassment policy, including to whom and how to report discrimination and/or harassment;

h. Instruction on how to document and respond to reports or observations of harassment, discrimination, and retaliation in a prompt and effective manner;

i. The penalties a manager, human resource representative, or Reporting Official may incur for failing to promptly and effectively document and respond to a report of harassment or discrimination; and

j. The right of employees not to have their employment negatively impacted if they report harassment and discrimination to Defendant or to law enforcement agencies including the EEOC.

20. Defendant shall provide an initial live training program to all managers of the specified restaurant within ninety (90) days after the entry of this Consent Decree. Subsequent presentations of the training program may be remote but must contain an interactive component. All persons hired or promoted into a management position with the specified restaurant during the term of this Consent Decree shall receive training within thirty (30) days of the date of hire or promotion. Thereafter, all managers of the specified restaurant shall receive the training at least annually, at approximately one-year intervals.

21. At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission.

22. Defendant shall require attendance of every employee within the scope of these provisions for the training programs at least annually.

8

Case 1:22-cv-00739-CCE-JLW   Document 23   Filed 07/26/23   Page 8 of 13

23. Defendant shall allow one or more representative(s) from the Commission to attend any training programs required by this Consent Decree at the sole discretion of the Commission.

24. Defendant shall provide, a written attestation to the Commission on an annual basis of its compliance with Paragraphs 19-22, such attestation being due on or before each anniversary of the entry of this Consent Decree.

25. Within ten (10) days after completion of the training program, Defendant shall provide written confirmation to the Commission that the training was completed, along with an attendance roster signed by each employee who received the training.

26. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval of this Consent Decree. The reports shall include the following information:

   a. The identity of each employee who at any time during the reporting period complained verbally or in writing of sex-based comments or conduct at the specified restaurant:

      i. For each employee identified above, state the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the employee complained, a detailed description of the conduct or comments complained of, and a detailed description of any action the Defendant took in response to the complaint;

      ii. For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full

time), and a detailed statement explaining why the individual's employment status has changed.

b. Defendant shall provide the social security number of an individual identified in response to this paragraph within forty-eight (48) hours of a request by the Commission.

c. In the event there is no activity to report, Defendant shall send the Commission a report stating that there has been no activity.

27. Defendant shall provide prior written notice to any potential successor(s) of the existence and contents of this Consent Decree.

28. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may after giving Defendant three-day notice inspect any of the restaurant in the same district as the specified restaurant, interview employees, and examine and copy documents related to the terms of this Consent Decree. As part of the review for compliance with the posting provisions contained in Paragraphs 15 and 16, the Commission may inspect Defendant's facilities without notice.

29. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days, or other period of time as may be agreed upon by them, in which to engage in negotiation regarding any alleged violation before the Commission initiates an enforcement proceeding. However, where the Commission believes that the violation presents an

imminent threat to the health, safety or welfare of one or more of Defendant's employees, the Commission retains the right to seek immediate intervention by the Court.

30. The term of this Consent Decree shall be for two (2) years from the date it was entered by the Court.

31. All notices by the Commission to Defendant pursuant to this Consent Decree shall be sent by electronic mail to: Brian Church, bchurch@robinsonbradshaw.com and to Cathy Chase, cchase@bojangles.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

32. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov.

33. Each party shall bear its own costs and attorney's fees.

34. The Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree.

July 26, 2023
    Date                          UNITED STATES DISTRICT JUDGE

11

Case 1:22-cv-00739-CCE-JLW   Document 23   Filed 07/26/23   Page 11 of 13

The parties jointly request the Court approve and enter the Consent Decree

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** <br> **Plaintiff** | **BOJANGLES' RESTAURANTS INC.** <br> **Defendant** |

GWENDOLYN YOUNG REAMS
Acting General Counsel
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, NE
Washington, DC 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA KOPKA
Assistant Regional Attorney

*/s/ Mary Katherine Littlejohn*
MARY KATHERINE LITTLEJOHN
NC Bar No. 57582
Greenville Local Office
301 N. Main St, Suite 1402
Greenville, SC 29601
Telephone: (864) 565-0353
Email: mary.littlejohn@eeoc.gov

TAITTIONA MILES
NC Bar No. 50879
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1301
Email: taittiona.miles@eeoc.gov

COUNSEL FOR PLAINTIFF

*/s/ Brian L. Church*
BRIAN CHURCH
NC State Bar No. 39581
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon St, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-8303
Facsimile: (704) 373-3903
Email: bchurch@robinsonbradshaw.com

COUNSEL FOR DEFENDANT

Ex A

TO WHOM IT MAY CONCERN:

Keisha Tibbs was employed as a Team Member by Bojangles' Restaurants, Inc. from March 20, 2020 through June 10, 2020. Tibbs's duties included, but were not limited to, preparing food products and point-of-sale operations. Tibbs worked approximately 35 hours per week.

We hope that this information is helpful to you in your hiring decision.

Sincerely,

**Cathy Chase**
**Vice President People and Culture**

